IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VERSIBE WILLIAMS, | ) | |
| | ) | Case No. 1:03-CV-02060 |
| Plaintiff, | ) | |
| | ) | Judge Ann Aldrich |
| v. | ) | |
| | ) | Magistrate Judge Nancy A. Vecchiarelli |
| GENERAL MOTORS CORP., et al., | ) | |
| | ) | |
| Defendants. | ) | MEMORANDUM AND ORDER |
| | ) | |
| | ) | |

Before the court are two motions: (1) defendant Penske Truck Leasing Company, L.P.'s ("Penske") motion for summary judgment [Docket No. 73]; and (2) defendant Truck Connections International, Inc.'s ("TCI") motion for summary judgment [Docket No. 89]. For the following reasons, the court grants both motions, dismisses all of plaintiff Versibe Williams's ("Williams") claims against both Penske and TCI, and grants judgment in favor of Penske on its indemnification cross-claim against TCI.

This case arises from an accident where Williams's husband Robert Williams was fatally injured while driving a truck owned by Penske and leased by TCI. At the time of the accident, Williams's husband drove the truck as an employee of TCI. Following his death, Williams filed the instant action, alleging that the truck was defectively designed and/or maintained by Penske and TCI, among others. Penske also filed a cross-claim against TCI, alleging that the contract under which the truck at issue was leased to TCI required TCI to indemnify Penske for all of its costs in defending against Williams's claims, and required TCI to contribute as a joint tortfeasor to any damages Penske might be forced to pay.

After a substantial period of discovery, it appears that Williams has uncovered no evidence supporting her allegations that either Penske or TCI behaved negligently in any way with respect to the truck at issue. Penske therefore moved for summary judgment in its favor on all of Williams's claims, as well as for summary judgment on its cross-claim against TCI. In her response to Penske's motion for summary judgment, Williams pointed to no evidence supporting her claims, and instead requested that the claims against Penske be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a)(2). TCI did not respond to Penske's motion. TCI did, however, file its own motion for summary judgment on all of Williams's claims against it. Williams did not respond to TCI's motion.

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323-25 (1986); *Hedrick v. W. Reserve Care Sys.*, 355 F.3d 444, 451 (6th Cir. 2004). If the movant succeeds, the burden then shifts to the nonmoving party to demonstrate the existence of a material dispute as provided in Rule 56(e):

> An adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). Parties opposing summary judgment must go beyond the pleadings and produce some type of evidentiary material in support of their position. *See Celotex,* 477 U.S. at 324.

In determining whether a genuine issue of material fact exists, this Court must view the evidence in a light most favorable to the nonmoving party. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157

-2-

(1970); *Hamby v. Neel*, 368 F.3d 549, 556 (6th Cir. 2004); *Williams v. Int'l Paper Co.*, 227 F.3d 706, 710 (6th Cir. 2000). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson,* 477 U.S. at 248. An issue is "genuine" if the evidence is such that a reasonable juror "could find by a preponderance of the evidence that the [nonmoving party] is entitled to a verdict" or whether the evidence is "so one-sided that [the moving party] must prevail as a matter of law." *Id.* at 252. Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

Based on the evidence produced, or more accurately, the lack of evidence produced by discovery, this court finds that both Penske and TCI have demonstrated the absence of any genuine issues of material fact, and also finds that Williams has not demonstrated the existence of any material disputes. Put simply, there is no evidence that either Penske or TCI acted negligently, or that any of their actions proximately caused the fatal injuries to Robert Williams. Therefore, this court grants both Penske and TCI's motions for summary judgment. In addition, the evidence produced by Penske clearly establishes TCI's duty to indemnify Penske for costs incurred in defending against Williams's claims in this case. TCI did not respond to Penske's motion for summary judgment, and the court therefore grants Penske's motion for summary judgment on the cross-claim against TCI.

For the foregoing reasons, Penske's motion for summary judgment [Docket No. 73] is granted. Judgment is entered for Penske on all claims by Williams against Penske. Judgment is also entered for Penske on its indemnification cross-claim against TCI. TCI's motion for summary judgment [Docket No. 89] is granted. Judgment is entered for TCI on all claims by Williams against TCI. Both Penske

and TCI are dismissed from this action as far Williams's claims against them are concerned, but will need to resolve the matter of the amount of indemnification. The court therefore orders Penske and TCI to file a joint status report, indicating what remains to be resolved with respect to Penske's indemnification cross-claim, no later than November 1, 2006.

  IT IS SO ORDERED.

                 /s/Ann Aldrich
                 ANN ALDRICH
                 UNITED STATES DISTRICT JUDGE

**Dated: October 10, 2006**