UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| VERSIBE WILLIAMS, ) | |
| ) | Case No. 1:03-CV-02060 |
| Plaintiff, ) | |
| ) | Judge Ann Aldrich |
| v. ) | |
| ) | |
| GENERAL MOTORS CORP., et al., ) | |
| ) | Memorandum and Order |
| Defendants. ) | |
| ) | |
| ) | |

Before the court is defendant General Motors Corporation's ("GM") motion to strike the testimony of Gerald Rosenbluth [Docket No. 115]. GM's motion is denied.

Federal Rule of Evidence 702 governs the admissibility of expert testimony. Rule 702 provides:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The Supreme Court, in *Daubert v. Merrel Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), held that the trial judge "must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." The Court further explained in *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999) that this "gatekeeping" function applies more generally to "all expert testimony."

The objective of the gatekeeping function is "to make certain that an expert,

whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Id*. at 152.

Although *Daubert* lists several factors to consider in determining an expert's reliability, they are not intended to be a "definitive checklist or test." *Daubert*, 509 U.S. at 593. "The trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." *Kumho*, 526 U.S. at 152. Where the reliability of the evidence is in dispute, it is more appropriate for a judge to admit the evidence than to keep it from the fact-finder because "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596. *See also Benton v. Ford Motor Co*. 492 F.Supp.2d 874, 877 (S.D. Ohio 2007) ("To be sure, the Sixth Circuit agrees that, where the opposing side has the opportunity to cross-examine an expert regarding his qualifications and where the jury is properly instructed to determine for itself the weight and credibility to be given to the expert's testimony, an argument opposing admissibility of the testimony on the grounds that it is outside the witness's area of expertise must fail.").

Here, GM moves to strike the testimony of Gerald Rosenbluth for two reasons: (1) he lacks qualifications as an expert; and (2) his testimony is unreliable.

First, GM asserts that Mr. Rosenbluth is not an engineer, does not have an engineering degree, and has no expertise in fuel system design for medium-duty trucks, which is the subject area of his proposed testimony. However, this Court finds that pursuant to FRE 702, *Daubert,* and its progeny, Mr. Rosenbluth is qualified by experience and education. Indeed,

numerous state and federal courts have found Mr. Rosenbluth to be a qualified expert in automotive design. *See Tolliver v. Naor*, 2001 U.S. Dist. LEXIS 18267 (E.D. La. 2001)[1]; *Tillman v. Freightliner*, Case No. 5:03-cv-00078-VAP-SGL (9 th Cir., Aug. 9, 2007) (noting that the court was not persuaded that Mr. Rosenbluth's testimony should be excluded under *Daubert* or *Kumho Tire*); *Marshall v. Perez Arzuaga*, 828 F.2d 845 (1th Cir. 1987) (where Mr. Rosenbluth testified on tire maintenance and failure); *Pries v. Honda Motor Co.*, 31 F.3d 543 (7th Cir. 1994) (involving the design of a seatbelt latch); *Saakyan v. Modern Auto Inc.*, 126 Cal. Rptr. 674 (Cal. Ct. App. 2001) (where Mr. Rosenbluth testified regarding defective wheel installation).

Mr. Rosenbluth has over forty years of experience in various areas of the automotive industry and mechanics. He has post-graduate study in Industrial Design and Technology with a specialization in Automotive Technology at Northern Arizona University and Arizona State University. Mr. Rosenbluth has also worked as a consultant for automobile manufactures, the National Highway Transportation Safety Administration, and the Federal Trade Commission.

Second, GM asserts that Mr. Rosenbluth's testimony is unreliable because it is not supported by any independent testing or data, it is not subject to peer review, and it is not

---

[1] Similar to this case, in *Tolliver*, Mr. Rosenbluth gave expert opinions on fuel system designs, crash-worthiness, and alternative designs. There, the district court denied the defendant's motion to exclude his testimony, finding that:

"Although Mr. Rosenbluth is not an engineer, the Court finds that he is qualified by both education and experience to render an expert opinion in this case. The court recognizes that Mr. Rosenbluth is a thirty-year veteran of the automotive industry with the benefit of both practical experience and graduate study in industrial design. Furthermore, the theories proposed by Mr. Rosenbluth are not so complex or specialized to require formal degrees in engineering or another highly-specialized discipline. The court finds that the witness satisfies Rule 702 and the 'Daubert test.'"

Case: 1:03-cv-02060-AA  Doc #: 213  Filed: 10/30/07  4 of 4.  PageID #: 4251

generally accepted. Mr. Rosenbluth has relied on various sources, including academic and government studies. His failure to perform his own independent tests or studies of his theories goes to the weight of his testimony, not to its admissibility. *See Clay v. Ford Motor Company*, 215 F.3d 663, 668 (6th Cir. 2000). His conclusions are supported by rational explanations and his methods do not strike the court as novel or extreme.

The Court finds that FRE 702 and the *Daubert* test allow for Mr. Rosenbluth's testimony. Accordingly, GM's motion to strike his testimony is denied.

IT IS SO ORDERED.

    /s/Ann Aldrich
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

**Dated: October 30, 2007**